Tihanne K. Mar-Shall, OSB #224504
Assistant Federal Public Defender
Email: Tihanne_Mar-shall@fd.org
Peyton Lee, OSB #164224
Assistant Federal Public Defender
E-mail: Peyton_Lee@fd.org
101 S.W. Main Street, Suite 1700
Portland, OR 97204
Tel. (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SELVA DELANO MUDALIAR,<br><br>Defendant. | Case No. 3:24-cr-00340-MO<br><br>RESPONSE TO GOVERNMENT'S PROPOSED JURY INSTRUCTION REGARDING COMPLETED SEX ACT (ECF 141) |

The defendant, Selva Delano Mudaliar, through his attorneys Tihanne K. Mar-Shall and Peyton Lee, offers the following response to ECF 141.

**Argument**

The defense does not contest the narrow premise that the government asserts, that a completed commercial sex act is not required for a conviction under 18 U.S.C. §1591(a)(1) under the binding Ninth Circuit authorities cited. However, the defense does object to the government's proposed instruction as broader than those citations would support. An alternative defense instruction is proposed below.

The defense believes the Court can conclude that Standard Instruction No. 21 already covers the issue through the future-tense language of the second element and can decline to add any separate sentence. A separate sentence is not required to state the law accurately, and an instruction that restates the statute's future-tense structure in a clarifying sentence risks being cumulative and argumentative.[1]

Additionally, the instruction should not foreclose the jury from weighing the absence of a commercial sex act. It is important that a jury be allowed to consider the fact that a sex act did not occur, in determining whether any force, fraud or coercion "will be used" to cause the person to engage in a commercial sex act under 18 U.S.C. §1591. The jury should be told that it may consider that absence along with all other evidence. This is a very different case than one where the sex act has not yet been completed, but force, fraud or coercion is used in moving towards that future alleged sex act. In this case there is a failure to engage in a commercial sex act, and then force exercised against AV1. Without a sentence making clear that they can consider the absence of such a commercial sex act, a juror could reasonably infer that such evidence has no place in the deliberations.

In *United States v. Backman,* 817 F.3d 662 (9th Cir. 2016), the victim had been trafficked to another country and forced to engage in prostitution. The issue was whether "but-for" causation for the force, fraud or coercion was required in the engagement of the commercial sex act. In *United States v. Hornbuckle*, 784 F.3d 549 (9th Cir. 2015), the Court was analyzing the

---

[1] Defense believes the government's drafted instruction is only meant to add an additional sentence about not completing the commercial sex act, and propose deleting the last paragraph. The defense would object to any other changes that have been inadvertently reintroduced and previously litigated (inclusion of "advertised" and the third prong of coercion).

sentencing determination, not a jury instruction, and the sex act had in fact occurred. In *United States v. Brooks*, 610 F.3d 1186, 1197 n.2 (9th Cir. 2010), the sex act had not occurred for N.K., but the Court explains that a jury "could infer that N.K. did not engage in such acts simply because she still was very affected by the drugs she took[.]" Thus, the Court's analysis makes clear a jury can consider the absence of the commercial sex act, and can reach its own conclusions about whether that is explainable and consistent with the charged mental state of the defendant.

The Ninth Circuit has explained, in relationship to this statute, that:

> When an act of Congress requires knowledge of a future action, it does not require knowledge in the sense of certainty as to a future act. What the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future coerce a prostitute to engage in prostitution.

*United States v. Todd*, 584 F.3d 788, 792 (9th Cir. 2009). It is clear that it is a forward-looking mental state.

The government points to *United States v. Sparks*, 21-cr-281-VC-1 (N.D. Cal.), as being recently affirmed in the Ninth Circuit. What the Ninth Circuit actually held, as related to jury instructions, was that assuming, without deciding, that there was a mistake in the jury instructions, it would have amounted to harmless error because the weight of the evidence indicated an intentional act to facilitate sex trafficking. *United States v. Sparks*, 2025 U.S. App. LEXIS 23120, *3 (9th Cir. Sept. 8, 2025) (unpublished). The Ninth Circuit did not affirm the substance of the instructions.

Additionally, the sentence should be part of the last paragraph in the Court's previously proposed instruction, not in the definition of commercial sex act. The paragraph regarding the voluntary nature of a commercial sex act should not be deleted, as it still captures an important

qualification on the government's burden related to the commercial sex act; that is, a voluntary act does not constitute a basis for the charge, but rather they must establish that force, fraud or coercion would be used to cause AV1 to engage in a commercial sex act.

Finally, the government should be precluded from arguing that the force used was in preparation for some amorphous future commercial sex act by AV1. The date as charged in the indictment, as well as the government's presentation, has been a theory that the travel in interstate commerce to Vancouver, Washington on that night, and the agreement at the motel, constituted the basis of the commercial sex act that Mr. Mudaliar had the necessary knowledge or reckless disregard of. The defense does not believe that the government should be allowed to proceed under a new or different theory, at this late stage, that some future sex act by Ms. O'Doran would be caused by Mr. Mudaliar's force, fraud or coercion in this case. To prevent confusion, the defense proposes explicitly adding the date to the instruction.

A change in theory at this stage would be a fundamental shift in the government's presentation of this case, and would violate Mr. Mudaliar's right to proceed by felony indictment. An indictment "may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 216 (1960). The Court has held that a defendant may not be "tried on charges that are not made in the indictment against [him]." *Id.* at 217 (citing *Ex parte Bain*, 121 U.S. 1, 13 (1887)). Such variation would "[destroy] the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Stirone*, 361 U.S. at 217. Even without formal amendment of the indictment, permitting the government to proceed on a different theory than that which the grand jury returned indictment upon creates the same effect. *Id*. Such "variation between pleading and proof" results in a "deprivation of such

a basic right . . . [that it is] far too serious to be treated as nothing more than a variance and then dismissed as harmless[.]" *Id.* The grand jury stands as a "protective bulwark" between "the ordinary citizen and an overzealous prosecutor." *United States v. Dionisio*, 410 U.S. 1, 17 (1973).

Additionally, if the government makes arguments about force being used for some future commercial sex act by AV1, a unanimity instruction must be provided.

Dated: November 3, 2026.

*/s/ Tihanne K. Mar-Shall*
Tihanne K. Mar-Shall, OSB #224504

*/s/ Peyton Lee*
Peyton Lee, OSB #164224

**DEFENSE ALTERNATIVE**

The defendant is charged in Count 1 of the indictment with Sex Trafficking by Force, Fraud or Coercion, in violation of Section 1591(a)(1) of Title 18 of the United States Code. For the defendant to be found guilty of Sex Trafficking by Force, Fraud, or Coercion, the government must prove each of the following elements beyond a reasonable doubt:

First, **on December 3, 2021,** the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited the victim named in Count 1;

Second, the defendant knew or was in reckless disregard of the fact that **on December 3, 2021,** force, threats of force, fraud, coercion, or any combination would be used to cause the person to engage in a commercial sex act; and

Third, the defendant's acts were in or affecting interstate or foreign commerce.

The term coercion means any of the following: threats of serious harm to or physical restraint against any person; or any scheme, plan, or pattern intended to cause a person to believe that failure to person an act would result in serious harm to or physical restraint against any person.

The term commercial sex act means any sex act, on account of which anything of value is given to or received by any person.

The term serious harm means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

**The government does not have to prove that a commercial sex act occurred. However, along with the other evidence, you may consider the fact that a commercial sex act did not occur in deciding whether the government has proven beyond a reasonable doubt that the defendant knew or was in reckless disregard that force, threats of force, fraud, coercion or any combination would be used to cause AV1 to engage in a commercial sex act.**

It is **also** not enough for the government to prove that Adult Victim 1 **would** voluntarily engage in a commercial sex act, or that the defendant knew that she **would** voluntarily engage in a commercial sex act. **The government must prove beyond a reasonable doubt that the**

**defendant knew or recklessly disregarded that force, threats of force, fraud, or coercion would be used to cause AV1 to engage in a commercial sex act.**